# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAHID IMRAN QURESHI, | Civil No. 3:17-cv-1636 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN CLAIR DOLL, | |
| Respondent | |

## MEMORANDUM

### I. Background

On September 12, 2017, Petitioner, Zahid Imran Qureshi, a native and citizen of Pakistan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking immediate release from custody. (Doc. 1, pp. 1-2, 6-8). At the time his petition was filed, Petitioner was detained at the York County Prison, in York, Pennsylvania. (Doc. 1).

On October 11, 2017, Respondent filed a suggestion of mootness stating that Petitioner was removed from the United States on October 3, 2017. (Doc. 4; Doc. 4-1, Warrant of Removal/ Deportation). Respondent argues that the habeas petition is therefore moot. (Doc. 4, pp. 1-3). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

II. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot

once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")).

A separate Order shall issue.

Date: October 11, 2017

Robert D. Mariani
United States District Judge